Dear Mr. Lynch:
You have requested an opinion of this office with regard to the propriety of holding a fund raising event on behalf of a candidate for political office at the Governor's Mansion. I understand that this inquiry specifically concerns Peggy Wilson's candidacy for the office of Commissioner of Insurance, and that your inquiry was prompted by a complaint from Jim Brown, who, at the time of his complaint, was also a candidate for the office of Commissioner of Insurance. Neither your request nor Mr. Brown's letter to you indicates whether Ms. Wilson's campaign reimbursed the State for the value received.
Article 11, Section 4 of the Louisiana Constitution of 1974, and LSA-R.S. 18:1465 provide as follows:
 A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
Article 11, Section 4 has been interpreted in the case of Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060(La.App. 1st Cir. 1979), writ denied, 373 So.2d 527, in which the court held that:
 We believe the average individual understands "urge" to mean promote, take a position favorable or opposed to a particular candidate or proposition, or openly and publicly seek the election or defeat of a particular candidate, or the passage or defeat of a proposition submitted to the electorate.
Clearly, holding a fund raising event is intended to seek the election of a particular candidate by raising funds for that individual's campaign and by providing a forum for the candidate and/or their campaign to persuade citizens to vote for that candidate.
The Governor's Mansion is a public building (LSA-R.S. 49:141), which is under the supervision of the Division of State Buildings and the Louisiana Governor's Mansion Commission, both of which are agencies of the state.
The term "public funds", as it relates to LSA-R.S. 18:1465 and Article 11, Section 4, has been interpreted to include the use of sheriff's department property (i.e. squad cars) and employees. Atty. Gen. Op. No. 83-550. Also, the use of a public building for a campaign function, where there was no fee paid, has been found to violate LSA-R.S. 18:1465. Atty. Gen. Op. No. 91-216.
It is therefore the opinion of this office that, if there is no payment of private funds for the value received, the use of the Governor's Mansion for a candidate's fund raising event violates the prohibitions contained in both Article 11, Section 4 of the Louisiana Constitution of 1974 and LSA-R.S. 18:1465.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb 0544l